JOURNAL ENTRY and OPINION
This case is before the court on appeal from a decision by the Domestic Relations Division of the Cuyahoga County Court of Common Pleas ordering the appellant-father, David Drucker, to pay child support for his two minor children. Appellant argues:
 I. MAGISTRATE PORZIO AND THE TRIAL COURT ABUSED THEIR DISCRETION WHEN THEY FOUND THAT APPELLANT IS UNDEREMPLOYED AND IMPUTED $50,000.00 PER YEAR INCOME TO THE APPELLANT FOR THE PURPOSES OF COMPUTING CHILD SUPPORT PURSUANT TO O.R.C. 3113.21.5(A)(5) IN THAT DECISION [SIC] IS NOT SUPPORTED BY THE EVIDENCE.
 II. MAGISTRATE PORZIO AND THE TRIAL COURT ABUSED ITS [SIC] DISCRETION WHEN THEY ORDERED THE ENTIRE AMOUNT OF APPELLANT'S INTEREST IN THE PROCEEDS OF THE MARITAL HOME BE HELD IN TRUST FOR THE SUPPORT OF THE MINOR CHILDREN BY APPELLEE IN THAT SAID DECISION IS NOT SUPPORTED BY THE EVIDENCE.
 III. MAGISTRATE PORZIO AND THE TRIAL COURT ABUSED THEIR DISCRETION WHEN THEY ORDERED THAT A CHILD SUPPORT ARREARAGE IN THE AMOUNT OF $5,835.00 IS DUE FROM THE APPELLANT TO THE APPELLEE IN THAT SAID DECISION IS NOT SUPPORTED BY THE DECISION [SIC].
For the following reasons, we affirm.
 FACTUAL AND PROCEDURAL HISTORY
The parties were divorced pursuant to an agreed judgment entered April 2, 1998. That judgment awarded custody of the parties' two minor children to appellee-mother, Cathy Drucker, but granted visitation to appellant. The judgment entry provided that the parties did not agree upon "the amount of child support to be paid, the responsibility of each parent for providing health insurance for the children, or security for payment of child support by life insurance upon the life [sic] of either party * * *".
The judgment divided the marital assets and provided for the sale of the marital home and the allocation of the proceeds. It left for future determination the amount and duration of any spousal support.
The court referred the matter to a magistrate for further proceedings. The magistrate held a hearing regarding child support on April 8, 1998. Appellee was the sole witness at the hearing; appellant did not appear. The magistrate issued findings and conclusions regarding child support on July 8, 1998. Appellant requested and was given several extensions of time to file objections to the magistrate's decision. Although his final request (filed November 23, 1998) was denied, appellant filed objections on December 7, 1998, which the court considered and rejected in its judgment entry of February 12, 1999, adopting the magistrate's decision.
The court ordered appellant to pay $389.06 per month per child plus a 2% fee, for a total of $793.56 per month, commencing August 22, 1997, the date the divorce action was filed. This amount was based on imputed income to appellant of $50,000 per year and imputed income to appellee of $31,200 per year. Appellee was ordered to provide health insurance coverage for the children, and the court ordered the parties to share the uninsured and unreimbursed expenses pursuant to a formula.
Support arrearages of $5835 through April 8, 1998, were ordered to be paid from appellant's portion of the proceeds from the sale of the marital home. The balance of his share of the sale proceeds was to be paid into an interest-bearing account from which appellant's future support obligations would be paid.
Appellant has timely appealed the court's ruling.
 LAW AND ANALYSIS
In his first assignment of error, appellant argues that the court abused its discretion by finding that he was "underemployed"[1]
and imputing $50,000 per year income to him for purposes of computing his child support obligations. The third assignment of error complains that the court's assessment of support arrearages was an abuse of discretion because it was based on an incorrect assessment of imputed income.
To determine parents' child support obligations under R.C.3113.215, a court must determine each parent's annual income. Income "[f]or a parent who is unemployed or underemployed" includes "potential income of the parent". R.C. 3113.215(A)(1). For a parent who is voluntarily unemployed or voluntarily underemployed, potential income includes "[i]mputed income that * * * the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides". R.C.3113.215(A)(5).
"[T]he question whether a parent is voluntarily (i.e., intentionally) unemployed * * * is a question of fact for the trial court. Absent an abuse of discretion, that factual determination will not be disturbed on appeal". Rock v. Cabral (1993), 67 Ohio St.3d 108,112 (citation omitted).
Apparently, appellant urges that he was not voluntarily unemployed because he was not licensed to practice law in Florida, where he resided, and had no other employment history or skills.[2]
However, the record does not reflect any reason appellant could not have become licensed to practice law in Florida. Appellant's voluntary failure to obtain a license to practice law would not support a finding that his unemployment was involuntary.[3]
Appellant also points out that he has a longstanding depression problem, he suffers from manic depressive illness and ADD (Attention Deficit Disorder), and he is a recovering drug addict. The magistrate took these matters into account in determining that appellant was voluntarily unemployed. Appellant did not appear to testify about his medical condition; the magistrate's findings of fact noted that appellant's illness was treatable, and there was no medical evidence he could not return to his former position as an attorney. The trial court's determination that appellant was voluntarily unemployed was not unreasonable, arbitrary or unconscionable, so the court did not abuse its discretion by finding appellant was voluntarily unemployed.
R.C. 3113.215(A)(5)(a) lists a number of factors the court should consider in imputing an unemployed parent's employment potential and probable earnings, including recent work history, occupational qualifications, and prevailing job opportunities and salary levels in the community in which the parent resides. Here, the magistrate imputed income to appellant of $50,000 per year based on his former wife's testimony that the family expenses were more than $60,000 per year in 1995 and that these expenses were paid from appellant's income because he was their sole means of support.
This was the only evidence presented to the court on this matter, and the court did not abuse its discretion by relying upon it. Although the court did not receive or consider evidence of appellant's job opportunities or the salary levels in Florida, where appellant resided, the court need not collect evidence relevant to every statutory factor; evidence of one or more of the factors is all that is required. Cf. Dixon v. Dixon (Mar. 9, 1995), Cuyahoga App. No. 66997, unreported, at 9. Accordingly, we overrule the first assignment of error.
The third assignment of error claims the amount of the support arrearages assessed by the court were based on an incorrect assessment of appellant's imputed income. We have found no error in the court's assessment of imputed income, so the third assignment of error is also overruled.
Appellant's second assignment of error contends the court abused its discretion by ordering his interest in the proceeds of the sale of the marital home to be held in trust for the support of the minor children. Appellant agreed to this procedure in the agreed judgment entry of divorce. The judgment entry provides that the net proceeds of the sale (after payment of certain expenses) were to be divided in half, one half to be distributed to appellee and the other half
 * * * shall be held in escrow pending further Order of Court. The parties agree that this share of the proceeds of sale shall be at least partially used for payment of Defendant's child support obligation, and that the sum shall be placed in trust to be used for payment of child support on a monthly basis, as the same is determined by the Court.
Therefore, we find no abuse of discretion in the court's placement of the sales proceeds in trust.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. and LEO M. SPELLACY, J. CONCUR.
 _______________________ KENNETH A. ROCCO, JUDGE
[1] Actually, the court found he was voluntarily unemployed, not underemployed.
[2] We refer to appellant's Florida residency and employment opportunities in the past tense, because our record reflects that appellant has returned to Ohio and to the practice of law. Appellant's brief filed February 1, 2000 was not candid about this fact, representing that appellant was still unemployed and living in Florida, although he filed a brief in the common pleas court three weeks earlier representing that he and his new wife and child had returned to Ohio, where he had opened a new law practice.
[3] Though not a part of the record before the common pleas court in making the decision at issue here, appellant later represented to the court that "[w]hile in Florida, he studied to take the Florida Bar Exam and in the interim found work as a law clerk for the firm of Stewart and Keyes". It is not clear whether he obtained this employment before or after the court's decision, so we cannot assess whether appellant may have misled the court by failing to disclose these facts.